Batbm? J.
.The decision of this case depends upon the question whether the defendant, w! en he committed the act of retailing, was the assignee of \V. 0. Good, or was merely his agent or manager. If he were the assignee, wo expressed the opinion arguendo in State vs. Gerhardt, 3 Jones, 178, that he could not sell spirituous liquors by.the' small measure under the license of his assignor, because Ins moral qualifications had not been examined into and approved by the 0 »unty Court, as required by law. We can ' see no reason why a licensed ret tiler may not have a cleilc or agent to assist him, in his business, he himself lóinain-ing liable for the acts and contracts of such clerk or agent done or made within the scope of his employment. It is a matter of public.' notoriety that much of the trading with slaves is clone in grocery and other stores, and the Rev. Code, ch. 34, see. DO, evidently contemplates that the owners ofsueh stores may have, agents or managers, because it makes certain provisions in relation to them .as such. The keepers of groceries are frequently licensed retailers also, and we have never understood that they cannot have clerks, agents or managers in the latter as well as in their other business. \V. 0. Good had applied for and obtained a license to retail spirits in the town of Morgan ton for one year. He had paid the State for a valuable privilege, which he was clearly entitled to enjoy for the specified time, unless he should forfeit it by a misuser. Before the expiration of his time, he was eonsiripted anl carried off into the military service of his country. He cOuld po longer *236 enjoy bis privilege in person, and he could not assign it. Why could he not employ another person to manage the business for him ? He would still remaiti responsible for the good conduct of his agent; and that it seems to- us, mates a- difference between such a case and that of an as-signee.
The instrument offered in evidence by the defendant showed clearly that he was acting only as agent and not as assignee. If indeed the transaction between the parties was really intended as a sale of the privilege, instead of the appointment of an ag- nt, then it was an attempted fraud, and afforded no protection to the defendant. But the case was not presented t > the jury in that view, and the conviction cvnuot, therefore, be sustained on that ground. There •was'error in the charge of the J udge, for which the judgment should be reversed, and a venire de novo awarded.
Let this decís"on bo certilied to the Superior Court of law •f Burke County, that it may proceed according to law.